UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00388-GNS

JUAN CARLOS CORONADO ALDA                                    PETITIONER

v.

MIKE LEWIS, Custodian;
SAMUEL OLSON, ICE Officer;
MARKWAYNE MULLIN, Sec. DHS;
TODD BLANCHE, A.G.; and
LAUREN BIZ, Asst. Sec. DHS                                   RESPONDENTS

**<u>ORDER</u>**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

On January 28, 2024, Petitioner Juan Carlos Coronado Aldana ("Coronado Aldana"), a native and citizen of Colombia, was arrested for attempting to illegally enter the United States and placed in expedited removal proceedings. (Resp'ts' Resp. Show Cause Order Ex. 1, at 2, DN 10-1). He was served a Notice of Order of Expedited Removal. (Resp't's Resp. Show Cause Order Ex. 2, at 1-3, DN 10-2). Based on Coronado Aldana's expressed fear of returning to Colombia, an asylum officer conducted a credible fear interview and found that Coronado Aldana had shown such a fear. (Resp'ts' Resp. Show Cause Order Ex. 3, at 1-2, DN 10-3). On February 15, 2024, Coronado Aldana was served with a Form I-862 Notice to Appear asserting that he was removable under 8 U.S.C. § 1182(a)(6)(A)(i) and (7)(A)(i)(I). (Resp'ts' Resp. Show Cause Order Ex. 4, at 1-3, DN 10-4).

On January 24, 2026, Coronado Aldana was served with a Warrant for Arrest of Alien and taken into custody by Immigration and Customs Enforcement ("ICE") agents. (Resp'ts' Resp.

1

Show Cause Order Ex. 5, at 1, DN 10-5). He is currently detained at the Hopkins County Jail. (Pet. 1, DN 1).

Coronado Aldana filed the *pro se* Petition for Writ of Habeas Corpus against Respondents: Markwayne Mullin, Secretary of the Department of Homeland Security; Todd Blanche, Acting Attorney General of the United States; Todd M. Lyons, Acting Director of ICE; Sam Olson, Field Office Director of the Chicago Field Office of ICE; and Mike Lewis, Warden of Hopkins County Jail. (Pet.). In the Petition, he challenges his continued detention and alleges violations of his due process rights under the Fifth Amendment, and the Administrative Procedure Act. (Pet. 6-7).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Coronado Aldana bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

A.    **Immigration and Nationality Act**

Respondents contend that Coronado Aldana is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because that provision requires the detention of a noncitizen subject to removal and found by an asylum officer to have a credible fear of prosecution. (Resp'ts' Resp. Show Cause Order 3-5, DN 10). This provision applies to the "[i]nspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and "requires mandatory

2

detention for . . . people subject to expedited removal . . . ."  8 U.S.C. § 1225(b)(1); *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 293 (E.D.N.Y. 2005) (internal citation omitted).

In relevant part, Section 1225 provides:

(i)    In general

If an immigration officer determines that an alien (other than an alien described in subparagraph (F)) who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution.

(ii)   Claims for asylum

If an immigration officer determines that an alien (other than an alien described in subparagraph (F)) who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title and the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer under subparagraph (B).

8 U.S.C. § 1225(b)(1)(A)(i)-(ii).  By claiming asylum, a noncitizen can avoid expedited removal. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 109 (2020).  As the Supreme Court has explained, "[t]he point of this screening interview is to determine whether the applicant has a 'credible fear of persecution.'  The applicant need not show that he or she is in fact eligible for asylum—a 'credible fear' equates to only a 'significant possibility' that the alien would be eligible."  *Id.* at 110 (internal citation omitted) (quoting 8 U.S.C. § 1225(b)(1)(B)(v)).

Section 1225 further provides that "[i]f the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum."  8 U.S.C. § 1225(b)(1)(B)(ii).  "The plain meaning of [that] [provision] is that detention must continue until immigration officers

3

have finished 'consider [ing]' the application for asylum . . . ." *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018) (third alteration in original). The applicable regulations further provide:

> [The U.S. Citizenship and Immigration Services] has complete discretion to either issue a Form I–862, Notice to Appear, for full consideration of the asylum and withholding of removal claim in proceedings under section 240 of the Act, or retain jurisdiction over the application for asylum pursuant to § 208.2(a)(1)(ii) for further consideration in a hearing pursuant to § 208.9.

8 C.F.R. § 208.30(f). In standard removal proceedings, an immigration judge considers the noncitizens' asylum application. *See Thuraissigiam*, 591 U.S. at 110. In addition, the applicable regulations authorize an asylum officer to further consider an asylum application via an interview and issue a decision. *See* C.F.R. § 208.9(b), (d).

In this case, Coronado Aldana received a credible-fear interview before an asylum officer and was determined to have a credible fear of prosecution in his home country. (Resp'ts' Resp. Show Cause Order Ex. 4, at 1). As a result, the consideration of the asylum application ceased because Coronado Aldana was placed in standard removal proceedings, as reflected by the issuance of the Form I-862 Notice to Appear with the notation that "[t]his notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture." (Resp'ts' Resp. Show Cause Order Ex. 4, at 1).

Following that determination in 2024 and until recently, Coronado Aldana had not been detained. The record therefore indicates that he is currently detained under 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b)(1)(B)(ii) based on the government's past treatment of him. *See dos Santos v. Noem*, No. 1:25-CV-12052-JEK, 2025 WL 2370988, at *8 n.11 (D. Mass. Aug. 14, 2025); *Luna Sanchez v. Bondi*, No. 1:25-CV-018888-MSN-IDD, 2025 WL 3191922, at *4 (E.D. Va. Nov. 14, 2025).

Respondents rely on *In re M-S-*, 27 I&N Dec. 509 (A.G. 2019), *Paredes Padilla v. Galovich*, No. 25-CV-865-JDP, 2025 WL 3640960 (W.D. Wis. Dec. 16, 2025), *Brito-Goncalvez v. Field Office Director*, No. 1:26-CV-94, 2026 WL 1077448 (S.D. Ohio Apr. 21, 2026), and *Pambukhychyan v. U.S. Immigration and Customs Enforcement*, No. 26-0136, 2026 WL 980250 (W.D. La. Mar. 23, 2026), in support of their position that Coronado Aldana is properly detained pursuant to Section 1225(b)(1)(B)(ii). (Resp'ts' Resp. Show Cause Order 4-5, DN 10). This Court has previously distinguished these cases in addressing a similar matter. *See Singh v. Hott*, No. 4:26-CV-256-DJH, 2026 WL 1880217, at *3-4 (W.D. Ky. June 30, 2026). Accordingly, these authorities do not support Coronado Aldana's continued detention pursuant to Section 1225(b)(1)(B)(ii), and he is detained under Section 1226(a).

**B.      Due Process**

The Fifth Amendment's Due Process Clause applies to all persons, including non-citizens, regardless of their immigration status. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025); *see also Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action. 'It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.'" *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)). "'In our society liberty is the norm,' and detention without trial 'is the carefully limited exception.'" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (citation omitted).

This Court has repeatedly held that a noncitizen is being erroneously detained under Section 1225 when he is eligible for bond under Section 1226(a) can prove a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See, e.g.*, *Aquino v. Woosley*, No. 4:26-CV-43-RGJ, 2026 WL 445033, at *10-12 (W.D. Ky. Feb. 17, 2026); *Coronel-Hernandez v. Woosley*, No. 4:26-CV-20-DJH, 2026 WL 227011, at *4-5 (W.D. Ky. Jan. 28, 2026); *Martinez-Elvir v. Olson*, 807. F. Supp. 3d 725, 742-44 (W.D. Ky. 2025).  The unlawful detention of Coronado Aldana implicates his liberty interest to which due process applies and precludes him from challenging his detention creating a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge. *See Foucha*, 504 U.S. at 80 (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1035-36 (N.D. Cal. 2025).  As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'" *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *9 (W.D. Ky. Nov. 4, 2025) (alterations in original) (quoting *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 493-94 (E.D.N.Y. 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release. *See Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *6 (W.D. Ky. Oct. 3, 2025); *Barrera v. Tindall*, No. 3:25-CV-00541-RGJ, 2025 WL 2690565, at *7 (W.D. Ky. Sep. 19, 2025); *see also Roble v. Bondi*, 803 F. Supp. 3d 766, 774 (D. Minn. 2025).  "Habeas has traditionally been a means to secure release from unlawful detention . . . ." *Thuraissigiam*, 591 U.S. at 107.  Consistent with these norms, Coronado Aldana must be released, and if he is arrested and re-

6

detained, he is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.      The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**.  Respondents are directed to release Petitioner Juan Carlos Coronado Aldana from custody **IMMEDIATELY**, and, in the event that he is arrested and re-detained, provide him with a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a).  Respondents shall certify compliance with the Court's Order by filing on the docket no later than **5:00 PM CT on July 23, 2026**.

2.      Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
July 22, 2026

cc:      counsel of record
         Plaintiff, *pro se*

7